**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM MILLER, # 797827,**

    Petitioner,

vs.                                                **4:03cv313-SPM/AK**

**DEPARTMENT OF CORRECTIONS,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner's petition for writ of habeas corpus. Doc. 1. Respondent has filed its response, Docs. 13 & 15, and Petitioner has filed his reply. Doc. 18. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

**BACKGROUND**

On April 2, 2001, Petitioner entered pleas of no contest to charges of burglary of a structure, resisting with violence, escape, forgery and uttering, and battery of an inmate. Doc. 15, Ex. A & B.[1] At that time, the court plainly advised Petitioner that the

---

[1]The Court has *sua sponte* designated Respondent's exhibits as being attached to Document 15 for clarity of the record. These exhibits were not electronically filed or scanned into the record because of their length, and there is no notation in the docket indicating the receipt of these documents except a note from the Clerk that Respondent's attorney was called, and she advised the Clerk that a hard copy of the exhibits was being mailed. *See* Staff Notes (Apr. 8, 2004).

Case 4:03-cv-00313-SPM-AK   Document 22   Filed 08/31/06   Page 2 of 14

*Page 2 of 14*

State intended to have him "declared a habitual felony offender or a prison releasee reoffender," which could double his sentences. *Id.* at Ex. B. The court specifically advised him that being found an habitual offender could "double the sentence on escape from 15 to 30 years." *Id.* The court then questioned Petitioner regarding whether there was any agreement with the State regarding sentencing, and Petitioner advised him that there were no sentencing agreements, and that he had not been promised anything or threatened in any way. *Id.* Petitioner was subsequently sentenced as an habitual offender as follows: (1) burglary–10 years; (2) resisting–10 years; (3) escape–15 years; (4) forgery and uttering–5 years; and (5) battery of an inmate–5 years. *See* http://www.dc.state.fl.us/ActiveInmates; Doc. 15, Ex. C. All sentences were to run concurrently. Doc. 15, Ex. C. Petitioner did not file a direct appeal.

He did, however, file a motion for post-conviction relief raising two claims of ineffective assistance of counsel. Doc. 15, Ex. C. In the first ground, he claimed that counsel was ineffective for advising him to plead guilty to escape without knowledge of the facts and without determining the existence of the elements of the offense. *Id.* In his second ground, he charged that counsel was ineffective for failing to advise him of the State's plea offer of ten years concurrent on all charges. *Id.* To the motion, he attached a handwritten "bottom line" plea offer. *Id.* Petitioner later filed a supplement to his motion charging that counsel was ineffective for failing to investigate the charges against him, for failing to interview exculpatory witnesses, and for misadvising him. Doc. 15, Ex. D.

The state court denied the motion and supplemental motion, finding:

> As the attached documents, from the court file, demonstrate, there was a factual basis to support the plea on all charges, [Petitioner's] statement that he was unaware of the State's plea offer is refuted on the face of the record, and the defense of voluntary intoxication is not applicable to any charge to which [Petitioner] [pled].

Doc. 15, Ex. E. Attached to the court's ruling are various police department offense reports, witness statements, the plea and acknowledgment of rights, and the transcript of the plea hearing. *Id*. Petitioner appealed that ruling, which was affirmed without opinion. Doc. 15, Ex. F. Petitioner's motion for rehearing was denied. *Id*.

The instant petition ensued. On this occasion, Petitioner alleges that counsel was ineffective for advising him to plead guilty to the escape charge when the elements of the offense did not exist. Doc. 1. He also claims that counsel was ineffective for failing to convey the "bottom line" plea offer to him. *Id*. In response, Respondent claims that because Petitioner did not file any briefs "and made no further attempt to prosecute" his appeal, he has not exhausted these claims. Doc. 15. He also maintains that Petitioner has not "shown that he has been grievously wronged" or "facially overcome the 'presumption of finality and legality' of his state court conviction and sentence." *Id*.

## DISCUSSION

   I.   Exhaustion.

Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not exhausted if Petitioner "has the right under the law of the State to raise, by any available

procedure, the question presented." 28 U.S.C. § 2254(c)   To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)).  In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c).  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

The Court finds Respondent's suggestion that Petitioner has not exhausted his available state remedies completely without merit.  He plainly invoked the state court appellate process regarding the denial of his post-conviction and supplemental post-conviction motions.  The appeal was not dismissed by the court of appeal for failure to prosecute or for failure to obey the

court's scheduling orders, and thus, because the appellate court issued a ruling on the merits of the appeal, the Court can discern no basis for finding that Petitioner did not properly exhaust his available state court remedies.

II.     Ineffective assistance of counsel.

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id.* at 406.

*Case No: 4:03CV313-SPM/AK*

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412.

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The fact that the state court did not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).

Because both of Petitioner's claims involve allegations that his counsel was ineffective, a consideration of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim

if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id.* at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical

decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*. Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or

even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

      A.      Improper advice to plead guilty to escape charge.

Initially, the Court notes that Petitioner did not plead guilty to the escape charge. He pled no contest, a plea which "does not admit the allegations of the charge in a technical sense but only says that the defendant does not choose to defend." *Vinson v. State*, 345 So.2d 711, 715 (Fla. 1977). "It is merely a formal declaration that the accused will not contest the charges with the prosecutor and is in the nature of a compromise between the state and the accused." *Id.* A no contest plea "has been determined to be equivalent to a guilty plea only insofar as it gives the court the power to punish." *Id.*

According to Petitioner, he should not have entered this plea because the elements for escape were not present. More specifically, he suggests that because he was not validly arrested, "there can not be a valid escape." Doc. 1. The state court found Petitioner's argument that his counsel was ineffective for allowing him to plead to a charge which lacked the necessary elements to be without merit, a finding that was based, primarily it seems, on the officer's report. As previously noted, the state court's decision is entitled to deference unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state court.

Under Florida law, escape "covers multiple circumstances in which a prisoner, in lawful custody...escapes, or attempts to escape by intending to avoid lawful confinement." *Clark v. State*, 920 So.2d 634, 636 (Fla. Dist. Ct. App. 2005). "A prisoner is defined as a person under arrest and in lawful custody of a law enforcement official." *Id*. A prisoner is under a "valid arrest" where there is (1) a "purpose or intention to effect an arrest under a real or pretended authority," (2) an "actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested," (3) a "communication by the arresting officer to the person then and there to effect an arrest," and (4) an "understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him." *Id*. In *Clark*, a deputy sheriff found the defendant sitting in a parked vehicle, advised him that he was under arrest on an outstanding warrant and directed him to step out of the car. The deputy explained to the defendant that he had a warrant for his arrest and advised him not to flee. The defendant "turned and began moving away," and the deputy attempted to grab him and then to stop him with pepper spray "to no avail." The defendant was, however, "soon apprehended." *Id*. at 635.

In the pertinent report attached to the state court's ruling, the officer stated:

> I did observe [Petitioner] enter inside of the residence, and then he was observed attempting to conceal himself behind a large tree in the back yard. I did make contact with [Petitioner] and stated to him that he was under arrest. [Petitioner] stated to me that he had not done anything wrong, and why was he under arrest. I again gave [Petitioner] a verbal command to lay on the ground because he was under arrest for several open warrants. As I approached [him] and attempted to take him into custody he began running north behind the residence off South Main Street.
>
> I did start pursuing [Petitioner] on foot where I did give him a verbal command that he was under lawful arrest and to stop running. [Petitioner] continued running into a heavy wooded area off South Main Street, where I did [lose] eye contact with him. Sgt. C. Gaines and myself did attempt[ ] to locate [Petitioner] in this area with negative results.

Doc. 15, Ex. E. The events related by the officer in this case are almost analogous to those found in *Clark*. The elements for escape were plainly met, and thus, the state court adjudication on this charge of ineffectiveness was not unreasonable in any manner.

      B.     Failure to convey advantageous plea offer.

In his second claim of ineffectiveness, Petitioner claims that after sentencing, he discovered a "bottom line" plea offer in files secured from the state court and the public defender's office which showed an offer from the State which would have resulted in a ten-year sentence on the escape charge, rather than the fifteen-year sentence he received. Doc. 1; *see also* Doc. 15, Ex. C. According to Petitioner, counsel never conveyed this plea offer to him, and if he had, Petitioner "would have gladly accepted a plea five years less than the current sentence...." Doc. 1.

The state court flatly rejected Petitioner's argument, finding that Petitioner's "statement that he was unaware of the State's plea offer is refuted on the face of the record...." Doc. 15, Ex. E.  Though the court did not cite to any particular part of the record, this Court assumes that its ruling was based on the section of the plea hearing in which the prosecuting attorney stated:  "I made a plea offer that the defendant rejected several times, and I have filed various notices of HFO and PRR." *Id.*

The state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  In other words, "a federal habeas petitioner is stuck with them unless he can rebut their presumed correctness with clear and convincing evidence to the contrary." *Hunter v. Secretary*, 395 F.3d 1196, 1200 (11th Cir. 2005).  "Clear and convincing" evidence is an "intermediate standard" of proof, lying between "preponderance of the evidence" and "beyond a reasonable doubt." *Addington v. State*, 441 U.S. 418, 424 (1979).  Although it is a "fairly high" standard, "clear and convincing" evidence "does not call for the highest level of proof," but it must demonstrate, in this context, a "high probability" that the state court's factual findings are unreasonable. *Callahan v. Campbell*, 427 F.3d 897, 926 (11th Cir. 2005); *United States v. Owens*, 854 F.2d 432, 435-36 (11th Cir. 1988).

Having carefully considered the matter, the Court finds no merit to Petitioner's argument.  While Petitioner's claim is facially appealing–after all, as Petitioner himself states, it appears that anyone "would have gladly accepted a plea five years less than the current sentence"--the Court cannot find that the

state court's determination in this regard is unreasonable. The "bottom line" document does not stand alone, for, as noted, during the plea hearing, counsel for the State advised the court that it had indeed offered Petitioner a plea which he rejected several times. Neither Petitioner nor his counsel disputed the State's representation, and even now, Petitioner has not come forward with clear and convincing evidence that the "bottom line" offer found in the state court and public defender files was not the same rejected plea offer referenced by the prosecutor. Because this Court cannot find that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, this claim should likewise be denied.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **31st** day of August, 2006.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and**

*Case No: 4:03CV313-SPM/AK*

**recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**